IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                      Case No. 4:19-cr-00180 KGB

TYRONE VINCENT LUNNIE                                                       DEFENDANT

## ORDER

Before the Court is defendant Tyrone Vincent Lunnie's motion for release on bond pending

sentencing (Dkt. No. 44).  The government responded in opposition to Mr. Lunnie's motion (Dkt.

No. 45).  For the following reasons, the Court denies Mr. Lunnie's motion (Dkt. No. 44).

### I.      Legal Standard

Mr. Lunnie moves for release pending sentencing pursuant to 18 U.S.C. §§ 3142 and

3145(c).  On June 23, 2020, Mr. Lunnie pleaded guilty to possession with intent to distribute

methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  The maximum term

of imprisonment is 20 years.  As a result, this is a presumed detention case pursuant to 18 U.S.C.

§ 3143(a)(2).  If there are exceptional reasons why the defendant's detention would not be

appropriate, the Court is permitted to release a defendant under these circumstances pending

sentencing.  18 U.S.C. § 3145(c).  Mr. Lunnie argues that COVID-19 has entered the Greene

County Jail where he is housed.  Although Mr. Lunnie tested negative for the virus at the time he

filed his motion, he seeks release in an effort to maintain his negative status (Dkt. No. 44, ¶ 5).

The government opposes Mr. Lunnie's motion (Dkt. No. 45).  As the government notes,

pretrial, Judge Kearney determined in an order of detention that due to Mr. Lunnie's extensive

criminal history, the fact that Mr. Lunnie went into parole absconder status in 2017 and remained

there for over a year before he was arrested for the indicted offenses that charged drug distribution

and gun possession, and the fact that he failed to follow his parole release plan following his release

from a state prison, Mr. Lunnie was a flight risk, as well as a danger to the community, and that

no condition or combination of conditions could be fashioned that would reasonably assure Mr.

Lunnie's appearance and the safety of another person or the community (Dkt. No. 27).

Mr. Lunnie also filed a motion for pretrial bond based on COVID-19 (Dkt. No. 31). In his

motion, Mr. Lunnie highlighted his history of bronchitis, high blood pressure, and gastrointestinal

problems stemming from a gunshot wound as risk factors, should he contract COVID-19 (*Id.*). On

referral of the motion, Judge Kearney denied Mr. Lunnie's request for pretrial bond based on

COVID-19 (Dkt. No. 35). At the time, according to Mr. Lunnie, there were no reported cases of

COVID-19 in the Greene County Jail (Dkt. No. 44, at 2-3). In his Order, Judge Kearney explained:

> The court is sympathetic to [Mr. Lunnie's] concerns, but Mr. Lunnie is not alone. COVID-19 presents serious ongoing concerns for millions of people, especially those with certain underlying medical conditions. On balance, Mr. Lunnie has not shown a sufficiently compelling reason that his release is necessary, particularly in light of the Court's prior finding that he is a flight risk and danger to the community. The Court could fashion no condition or combination of conditions that would reasonably assure it of [Mr. Lunnie's] appearance and the safety of another person or the community. He has not made even a threshold showing that his proposed release would necessarily better address his health concerns than if he were to remain in custody. Furthermore, his proposed release plan would likely increase the risk of harm to others. The court therefore summarily denies Mr. Lunnie's motion.

(Dkt. No. 35, at 1-2).

Now, Mr. Lunnie requests a hearing or release based upon reports of a change of

circumstances (Dkt. No. 44, at 3), specifically the reported spread of COVID-19 into the Greene

County Jail and his personal health history as risk factors, citing 18 U.S.C. § 3142(f) (*Id.*, at 2). In

support of his motion, Mr. Lunnie represents that this Court's hold is the only hold on him currently

and that state parole authorities reportedly have devised a release plan for Mr. Lunnie (*Id.*.). Mr.

Lunnie also specifically requests that the Court "instruct the Pretrial Services Division of the

federal Probation Office to investigate these matters, including any outbreak of COVID-19 at the Greene County Jail and the testing status" of Mr. Lunnie (*Id.*, at 3).

**II.      Analysis**

Mr. Lunnie and the government agree that, based upon the offense to which Mr. Lunnie pled guilty, this is a presumed detention case pursuant to 18 U.S.C. § 3143.  Under this provision, where a defendant has been found guilty of certain serious drug trafficking offenses or violent crimes described in 18 U.S.C. § 3142, the judicial officer "shall order" the person detained, unless the judicial officer finds:  (1) "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community" if released; and (2) there is a substantial likelihood that a motion for acquittal or a new trial will be granted, or counsel for the government has recommended that no sentence of imprisonment be imposed.  18 U.S.C. § 3143(a)(2).  If these standards are unmet, a defendant may appeal a detention order by showing that "there are exceptional reasons why [his] detention would not be appropriate."  18 U.S.C. § 3145(c).  In addition to showing exceptional reasons, the defendant must still establish by clear and convincing evidence that he is not likely to flee or pose a danger to the community.  *Id.*

Given Mr. Lunnie's guilty plea, there is not a substantial likelihood that a motion for acquittal or a new trial will be granted, *see* 18 U.S.C. § 3143(a)(2), nor does the government advocate for the imposition of no sentence of imprisonment.  *Id.*  Accordingly, the Court considers whether Mr. Lunnie has shown that:  (1) an "exceptional reason" makes his continued detention no longer appropriate; and (2) he is unlikely to flee and does not pose a danger to the community.  18 U.S.C. § 3145(c).

While the Court is sympathetic to Mr. Lunnie's concerns about the possibility of contracting COVID-19, such concerns are not the only determinant of whether detention is

appropriate. *See United States v. Jones*, No. 1:17-cr-00582-CCb-2, 2020 WL 1323109, at *1 (D. Md. Mar. 20, 2020) (denying motion for release of detainee exposed to COVID-19 at another detention facility, despite detainee's underlying health issues including pregnancy, because such considerations were not the sole determinant of whether detention was appropriate under § 3142(g) factors). In fact, the pandemic has no impact on the question of whether Mr. Lunnie poses a flight risk or is a danger to the community. Mr. Lunnie makes no argument and presents no record evidence with response to this question, and Judge Kearney made prior findings based on the record before the Court. Judge Kearney determined that Mr. Lunnie is a flight risk and danger to the community and that the Court could fashion no condition or combination of conditions that would reasonably assure it of Mr. Lunnie's appearance and the safety of another person or the community. The Court sees no factual or legal reason to reconsider Judge Kearney's findings on these questions at this time.

Further, the risk created by the pandemic is not unique to Mr. Lunnie and exists in society at large. *See, e.g., United States v. Hernandez-Guevara*, 455 F. Supp. 3d 888, 895 (D. Minn. 2020) (examining this issue and concluding concerns regarding COVID-19 did not constitute an exceptional reason warranting temporary release); *United States v. West*, No. 20-MJ-5073 TLF, 2020 WL 1550624, at *3 (W.D. Wash. Apr. 1, 2020) (noting that risk of exposure to COVID-19 applies to "any person in our community at this time"); *United States v. Kerr*, No. 18-cr-296-L, 2020 WL 1529180, at *3 (N.D. Tex. Mar. 31, 2020) (stating that fear of COVID-19 outbreak is not unique to the defendant in particular and is not an "exceptional circumstance."); *United States v. Cornish*, No. 20-cr-3-GFVT-MAS, 449 F. Supp. 3d 681, 687–88 (E.D. Ky. Mar. 30, 2020) (finding that because COVID-19 is prevalent in the community at large, any difference in health risks to detained population was minimal); *United States v. Jackson*, No. 18-cr-216, 2020 WL

1445958, at *2 (W.D. Pa. Mar. 24, 2020) (finding it speculative to presume that COVID-19 was present or imminent in jail, and noting that potential exposure exists anywhere in the wider community). As Judge Kearney recognized, COVID-19 presents serious ongoing concerns for millions of people, especially those with certain underlying medical conditions like Mr. Lunnie. Mr. Lunnie has not made even a threshold showing that his proposed release would necessarily better address his health concerns than if he were to remain in custody.

### III.     Conclusion

For these reasons, at this time and on the record before it, the Court denies Mr. Lunnie's motion (Dkt. No. 44). The Court concludes that the concerns concerning COVID-19 raised by Mr. Lunnie do not constitute a compelling reason under § 3142(i) for temporary release, a material change in circumstance under § 3142(f) to warrant the reopening of the detention hearing, or an "exceptional reason" under § 3145(c) to justify his release from the Greene County Jail.

It is so ordered this 12th day of November, 2020.

_____
Kristine G. Baker
United States District Judge

5